In the Matter of John Grant **ASHBACK**, Bankrupt.

No. 32493.

United States District Court
D. Colorado.

Nov. 25, 1968.

Jorge E. Costillo, Denver, Colo., for petitioner.

William L. Lloyd, Trustee, pro se.

Irvin L. Mason, pro se.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

This matter came on for hearing before the Court on November 22, 1968, upon a Petition for Review of an Order of the Referee in Bankruptcy. The Court heard argument of counsel and took the Petition under advisement.

The facts as set forth in the Petition for Review are not in dispute and are here set forth as the facts governing the disposition of the Petition.

## "PETITION FOR REVIEW"

"John Grant Ashback hereby petitions for a review by a United States District Judge of the Findings of Fact, Conclusions of Law and Order of the Honorable John F. McGrath, Referee in Bankruptcy, dated June 12, 1968, denying the application of John Grant Ashback to accept a bid on a certain asset, namely, the claim of John Grant Ashback against Irvin L. Mason, in the amount of $2,650.00.

"As grounds for this petition, John. Grant Ashback shows to the Court that:

1. Pursuant to the mandate of the United States Court of Appeals for the Tenth Circuit in Case No. 9251, Irvin L. Mason, Appellant v. John Grant Ashback, Bankrupt; et al of October 11, 1967, this Court issued its Notice on April 5, 1968 stating that

'NOTICE is hereby given that bids will be accepted for the sale of an asset of this estate for a certain chose in action more particularly described as follows:

'A plenary law suit on file in the District Court of La Plata County, Colorado Civil Action No. C–119, wherein John Ashback as Plaintiff is suing Irvin L. Mason as defendant. The suit alleges a willful, malicious and wanton conversion of certain personal property of the plaintiff by the defendant on or about August 16, 1960 in the amount of $48,500.00 plus $15,550.00 interest to January 1, 1966 and $10,000.00 exemplary damages. The personal property allegedly converted is set out in the complaint and is too numerous to set forth here.

'Bids will be accepted not later than April 17, 1968 at 2:30 P.M. in the U. S. District Courtroom, 317 Post Office Building, Pueblo County of Pueblo State of Colorado.

'Unless a bid of over $1,000.00 is made, the Court will, at the time above noted, confirm the bid of Irvin L. Mason who has already submitted a valid and acceptable bid of $1,000.00 for the said asset.'

"2. On April 17, 1968, the Court heard a motion filed by John Grant Ashback's attorney requesting a continuance of the sale on the grounds that the attorney was scheduled for major surgery on April 16, 1968 and that, by reason thereof, the said attorney expected to be hospitalized for one week following the surgery. This motion was denied by the Court on April 17, 1968, and, after bidding by John Grant Ashback and Irvin L. Mason, the Court accepted the bid of Irvin L.

Mason in the amount of $1,750.00. The Court, however, ruled that the sale would not be approved for a period of ten (10) days so as to allow additional bids within that ten (10) day period.

"3. On April 26, 1968, John Grant Ashback, by telegram followed by a written motion, offered $2,000.00 for the asset described in the said Notice of April 5, 1968. The Referee, by telephone, notified William H. Prendergast, Ashback's attorney, that in fairness to Irvin L. Mason he should be notified of the new offer and then so notified the said Irvin L. Mason.

"4. On the same day, that is April 26, 1968, Irvin L. Mason submitted, by telephone, a bid of $2,500.00 for the asset, and on Saturday, April 27, 1968, the Court notified Ashback's attorney of the new bid of $2,500.00 made by Mason.

"5. On May 1, 1968, John Grant Ashback, through his attorney, by telegram followed by a written motion, offered $2,650.00 for the asset. This telegram was received by the Referee on May 2, 1968, but, unbeknown to John Grant Ashback or his attorney, the Court had already confirmed the sale of the asset to Irvin L. Mason on April 30, 1968.

"6. Thereafter, John Grant Ashback filed a motion with the Court asking the Referee to reverse the Order confirming the sale to Irvin L. Mason and to accept John Grant Ashback's bid received by the Court on May 2, 1968, in the amount of $2,650.00. This motion was heard by the Court on June 12, 1968 and denied.

"7. The refusal of the Court to set aside the Order confirming the sale to Irvin L. Mason and to accept John Grant Ashback's bid of $2,650.00 does gross violence to the rights of the creditors because the Court is under a duty to obtain the most that can be obtained for the asset by accepting the highest offer made. The action of the Court in confirming the sale to Irvin L. Mason on April 30, 1968 without any notice to John Grant Ashback, only two working days following the last offer made by Irvin L. Mason, has resulted in the Court's not obtaining consideration higher than that offered by Irvin L. Mason."

Although the Referee's procedure in the sale of the asset here involved is extraordinary and unusual to say the least, nevertheless, the Court finds therein no prejudice to the rights of creditors or the petitioner.

The petitioner's attorney was notified on Saturday, April 27, 1968, of Mason's last bid and the amount thereof. Although the ten-day period fixed by the Referee for the making of additional bids expired on April 27, the Referee did not enter an order confirming the sale to Mason until three days later (April 30). The Referee received no communication from the petitioner until May 2 when he received a telegram containing petitioner's bid of $2650. This was five days after petitioner was notified of Mason's last bid and five days after the time limit set by the Referee for receiving additional bids.

In these circumstances, the Court finds that the Referee was justified in confirming the sale to Mason and in refusing petitioner's application to set aside the confirmation and accept petitioner's last bid.

No authority has been cited to the Court that the Referee exceeded his authority in conducting the sale as he did or that he otherwise acted unlawfully.

The Court concludes that Petition for Review should be denied.

It is therefore ordered that the Petition for Review is denied and the Order of the Referee dated June 12, 1968, denying the application of the petitioner, is sustained, and this matter is remanded to the Referee for further proceedings in accordance with this Order.